## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| STEPHANIE R. ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-181-MTT |
| BAC HOME LOANS SERVICING LP | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant BAC Home Loans Servicing, LP's Motion to Dismiss (Doc. 6). The Plaintiff filed a Response (Doc. 9) to the Motion to Dismiss June 16, 2010, two days after the June 14, 2010 filing deadline had passed. *See* Local Rule 7.2 (requiring any party opposing motion to file response within 21 days after service of motion). The Plaintiff neither sought or obtained an extension of time to file her Response nor offered an explanation as to why her Response was tardy, as required by Fed. R. Civ. P. 6(b). Moreover, the Plaintiff did not oppose the Defendant's Motion to Strike Plaintiff's Untimely Response (Doc. 10). The Court recognizes that pro se litigants are entitled to some leeway; however, this Circuit has consistently required pro se parties to conform to procedural rules. See *Mosley v. Meristar Mgmt. Co.*, 137 Fed. App'x. 248, 250 (11th Cir. 2005); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Because the Plaintiff has failed to comply with Fed. R. Civ. P. 6(b) and Local

Rule 7.2, the Defendant's Motion to Strike is **GRANTED**, and the Court will not consider the Plaintiff's Response in ruling on the Defendant's Motion to Dismiss.[1]

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Federal Rules employ a notice pleading standard, which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Rather, a plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* at 555. The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* Moreover, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assur., Inc., v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007).

Although complaints filed by pro se litigants are to be liberally construed, pro se claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (internal quotation marks omitted). In addition, in pro se cases, the Court should not "serve as de facto counsel … or … rewrite an otherwise

---

[1] A cursory glance at the Plaintiff's Response reveals that it, like the Plaintiff's Complaint (Doc. 1), fails to state any cognizable legal claims or bases on which the Plaintiff's requested relief could conceivably rest.

deficient pleading in order to sustain an action." *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998)).

The Plaintiff's Complaint[2] (the "Complaint") (Doc. 1) appears to assert claims related to a residential mortgage loan transaction. However, the vast majority of the Plaintiff's allegations are wholly incomprehensible. The Complaint contains the following allegations:

- "Defendant holding the notes failed to disclose all. Namely the demand deposit made as a direct result of the Plaintiff execution of the wet ink."
- "Defendant altered the contract (note) voiding the enforcement of any remedy it may have had prior to such alteration whereby Plaintiff demands to inspect the original note as well as the check issue to the closing attorney."
- "Defendant failed to issue (Loan) constitutional dollars in the transaction, issuing credit which was unconstitutional at best."
- "Defendants failed to disclose a material fact concerning the demanded deposit of the not [sic] pledge which caused the Plaintiff to be the true lender in the transaction."

---

[2] It should be noted that the Plaintiff's Complaint is a form complaint that has been recycled by this particular borrower, presumably in an attempt to thwart an otherwise valid foreclosure and/or dispossessory action. This Judge has no less than seven cases currently on his docket in which the exact same form complaint was used, the only changes being the names of the parties and the amount of relief requested. As this Order demonstrates, this form complaint is patently frivolous and fails to state any cognizable legal claims.

- "Defendants is believed to have used a common practice which was used by the Goldsmiths who keep the coins on deposit in their warehouse, thus creating money out of thin air against Article I Section 10 of the United States Constitution at large."
- "The Defendants failed to such information under disclosure and is secret continues to collect on contract which must be altered from its original condition."
- "Defendants have received credits without disclosure and notice from the note, from note and Defendants refuse to share those credits with plaintiff under any circumstance whatsoever."
- "Plaintiff seek redress against that which has been charged interest upon the money/credit issued by the plaintiff without understanding it was the Plaintiff's own credit; through the wet ink that funded the original loan the color of banking."

Even taking the Plaintiff's pro se status into account, the Complaint is utterly frivolous and lacks any legal foundation. Although the Plaintiff may, in fact, have a valid claim arising from her residential mortgage loan transaction, the Court is unable to construe any viable legal theory or factual basis on which a single one of the Plaintiff's claims, as asserted, could rest.

Aside from the unusual theories of law under which the Plaintiff attempts to proceed, when the Plaintiff does base a claim on an actual federal statute, such as the Defendant's alleged violation of various Truth in Lending Laws, she fails to do so with sufficient particularity to provide fair notice to the Defendant of what the claims are and

the grounds upon which the claims rest. Conclusory allegations that the Defendant violated various Truth in Lending Laws and unlawfully altered the contract fail to assert the necessary facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As such, the Court concludes that the Plaintiff's Complaint does not satisfy the notice pleading requirement of Rule 8 and fails to state a claim upon which relief may be granted. Accordingly, the Defendant's Motion to Dismiss is **GRANTED**, and this case is hereby **DISMISSED**.

**SO ORDERED**, this 7th day of October, 2010.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT